**Douglas HOPPER, MD,
Plaintiff-Appellant,**

v.

**AMERICAN ARBITRATION ASSOCIA-
TION, INC., a New York State not-
for-profit corporation and Does, 1
through 100 inclusive, Defendants-Ap-
pellees.**

No. 16-55573

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted December
7, 2017 Pasadena, California

Filed December 26, 2017

Margarita Salazar, Kory Sorrell, Attor-
neys, Law Offices of Margarita Salazar,
APLC, Chula Vista, CA, for Plaintiff-Ap-
pellant

Stephen L. Backus, David D. Ernst, At-
torney, Backus & Ernst LLP, Los Ange-
les, CA, for Defendant-Appellee

Before: WARDLAW and GOULD,
Circuit Judges, and COLLINS,* Chief
District Judge.

## MEMORANDUM **

Douglas Hopper appeals the dismissal of
his false advertising claim against the
American Arbitration Association ("AAA")
on the basis of arbitral immunity.[1] We
review a dismissal pursuant to Federal
Rule of Civil Procedure 12(b)(6) de novo.
*New Mexico State Inv. Council v. Ernst &
Young LLP*, 641 F.3d 1089, 1094 (9th Cir.
2011). We reverse and remand for further
proceedings.[2]

Arbitral immunity extends to claims
that arise out of a decisional act and exists
to "protect the decision-maker from undue
influence and protect the decision-making
process from reprisals by dissatisfied liti-
gants."[3] *Sacks v. Dietrich*, 663 F.3d 1065,
1069 (9th Cir. 2011) (citation omitted). But
Hopper's false advertising claim is predi-
cated on AAA's descriptions of its arbitra-
tors disseminated through its website and
direct mail. Commercial advertisement,
designed to sway individuals to choose
AAA over its competitors—as Hopper al-
leges occurred here—is distinct and dis-
tant from the decisional act of an arbitra-
tor. Therefore, adjudication of claims, like
false advertising, that arise before a for-
mal arbitration relationship between par-
ties to arbitration, arbitrators, and arbitra-
tion companies like AAA will not lead to
"undue influence" over the arbitration pro-
cess, nor will it expose arbitrators' deci-
sions to "reprisals by dissatisfied liti-
gants." *Id.*

**REVERSED; REMANDED FOR
FURTHER PROCEEDINGS.**

* The Honorable Raner C. Collins, Chief United
States District Judge for the District of Ari-
zona, sitting by designation.

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

1. At oral argument, Hopper stated that he
was appealing only the dismissal of his false
advertising cause of action.

2. On remand, the district court may limit
Hopper's recovery to restitution to preclude
intrusion into the arbitrators' decisional acts,
which are protected by arbitral immunity.

3. Hopper does not dispute that arbitral im-
munity applies to entities, such as AAA, that
facilitate arbitration.